**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| MICHAEL DEMARQUIS, individually, and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>OPPORTUNITY FINANCIAL, LLC,<br><br>  Defendant. | Case No. 6:20-cv-00784 |

### CLASS ACTION COMPLAINT

**NOW COMES** MICHAEL DEMARQUIS, individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of OPPORTUNITY FINANCIAL, LLC as follows:

### NATURE OF THE ACTION

1. This is an action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. MICHAEL DEMARQUIS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

8. OPPORTUNITY FINANCIAL, LLC ("Defendant") is a limited liability company that specializes in online lending to consumers nationwide.

9. Defendant maintains its principal place of business in Chicago, Illinois.

10. Defendant conducts business in the state of Texas.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8160.

14. At all times relevant, Plaintiff's number ending in 8160 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16. Plaintiff applied for and was issued a personal loan from Defendant in the approximate amount of $1,400.

17. Due to an unanticipated financial hardship, Plaintiff recently defaulted on the terms of the personal loan ("subject debt").

18. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

19. In May 2020, Defendant started placing collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

20. Upon answering Defendant's collection calls, Plaintiff was required to say "hello" numerous times before being connected to a live representative.

21. On multiple occasions, Plaintiff answered Defendant's collection calls and requested that Defendant cease its collection calls as he was not in a financial position to make payments on the subject debt.

22. In one answered call, Plaintiff advised Defendant that he was a potential victim of identity theft and asked for some breathing room until he was able to get a hold of his finances.

23. In response, Defendant's representative advised Plaintiff that Defendant would not stop calling simply because Plaintiff requested that the calls cease.

24. Despite Plaintiff's multiple requests that the calls cease, Defendant continued its barrage of collection calls, including, but not limited to, calls from the phone number (855) 408-5000.

25. In total, Defendant placed dozens of collection calls to Plaintiff's cellular phone after Plaintiff initially requested that the calls cease in May 2020.

26. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

27. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the

phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of his cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

28. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

29. Concerned with Defendant's abusive collection practices, Plaintiff retained counsel to compel Defendant to cease its collection calls.

## CLASS ALLEGATIONS

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons in the United States (1) to whom Defendant placed, or caused to be placed, a phone call relating to a delinquent personal loan; (2) to their cellular telephone number; (3) on a date after Defendant's records reflect a request not to call their number or that their number is a wrong number; (4) using an automatic telephone dialing system; (5) within four years preceding the date of this compliant through the date of class certification.

32. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for

4

exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A. Numerosity**

33. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

34. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and will be determined through targeted discovery.

35. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

36. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B. Commonality and Predominance**

37. There are many questions of law and fact common to the claims of Plaintiff and members of the Putative Class.

38. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C. Typicality**

39. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class were harmed by Defendant's conduct and thus are entitled to damages as result of Defendant's conduct.

**D. Superiority and Manageability**

40. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

41. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

42. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

44. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

45. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

46. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and members of the Putative Class)

47. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

48. As pled above, Defendant placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular

telephone, utilizing an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

49. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

50. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

51. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

52. As pled above, Plaintiff revoked consent to be called on his cellular phone on multiple occasions during phone calls that he answered.

53. As pled above, Plaintiff was harmed by Defendant's collection calls to his cellular phone.

54. Upon information and belief, Defendant has no system in place to document and process consumer cease requests and thus continues to place collection calls to consumers after the consumers request that the calls cease.

55. Upon information and belief, Defendant has no policies and procedures in place to honor the requests of consumers that the collection calls cease.

56. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

57. As a result of Defendant's violations of the TCPA, Plaintiff and the members of the Putative Class are entitled to receive $500.00 in damages for each such violation.

58. As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff and the members of the Putative Class are entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the Putative Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C. an order enjoining Defendant from placing further violating calls to consumers;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation;

F. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

G. an award of such other relief as this Court deems just and proper.

## COUNT II
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq*.)
### (Plaintiff Only)

59. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

60.   Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

>   (4)   causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.
>
>   Tex. Fin. Code Ann. § 392.302(4).

61.   Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's requests that the collection calls cease.

62.   Defendant's collection calls were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on the subject loan.

63.   Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403, which provides:

>   (a)   A person may sue for:
>
>   >   (1)   injunctive relief to prevent or restrain a violation of this chapter; and
>   >
>   >   (2)   actual damages sustained as a result of a violation of this chapter.
>
>   (b)   A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A.   a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B.   an order enjoining Defendant from placing phone calls to Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.   an award of actual damages in an amount to be determined by the jury pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.      an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: August 26, 2020                             Respectfully Submitted,

**MICHAEL DEMARQUIS**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com